THOMAS J. HEAVEY, ESQ. 017931985
GROSSMAN, HEAVEY & HALPIN, P.C.
241 Brick Blvd.
Brick, New Jersey 08723
(732) 206-0200
Attorney for defendants, Anastasia J. Hawkins, D.O., Lee Paulson, D.O., Kaitlin Steffenhagen, D.O. and Inspira Medical Centers, Inc.

-----------------------------------------

| | |
|---|---|
| DEMERIA BALDWIN, as Guardian Ad Litem of minor child A.B., and on Behalf of minor child A.B.; DEMERIA BALDWIN, individually; and ALEXANDER BIEN-AIME, individually<br>　　　　　Plaintiffs<br>　　vs.<br>UNITED STATES OF AMERICA; MICHAEL GERIA, D.O.; ANASTASIA J. HAWKINS, D.O.; LEE PAULSON, D.O.; KAITLIN STEFFENHAGEN, D.O. INSPIRA MEDICAL CENTERS, INC.; JOHN DOES #1-15, (fictitious); JANE DOES #1-15 (fictitious); and ABC CORPORATIONS #1-15 (fictitious), jointly, severally, and/or in the alternative<br>　　　　　Defendants | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION<br><br>CASE NO. 1:19-cv-20894-NLH-JS<br><br>TRIAL COUNSEL DESIGNATION |

　　　　PLEASE TAKE NOTICE that THOMAS J. HEAVEY, ESQ., has been designated trial counsel in the above captioned claim.

　　　　　　　　　　　　　　GROSSMAN, HEAVEY & HALPIN, P.C.
　　　　　　　　　　　　　　Attorneys for Defendant

　　　　　　　　　　　　　　BY: _____
　　　　　　　　　　　　　　　　THOMAS J. HEAVEY, ESQ.

DATED: February 28, 2020

GROSSMAN, HEAVEY & HALPIN
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

THOMAS J. HEAVEY, ESQ. 017931985
GROSSMAN, HEAVEY & HALPIN, P.C.
241 Brick Blvd.
Brick, New Jersey 08723
(732) 206-0200
Attorney for defendants, Anastasia J. Hawkins, D.O., Lee Paulson, D.O., Kaitlin Steffenhagen, D.O. and Inspira Medical Centers, Inc.

---

| | |
|---|---|
| DEMERIA BALDWIN, as Guardian Ad Litem of minor child A.B., and on Behalf of minor child A.B.; DEMERIA BALDWIN, individually; and ALEXANDER BIEN-AIME, individually<br>Plaintiffs<br>vs.<br>UNITED STATES OF AMERICA; MICHAEL GERIA, D.O.; ANASTASIA J. HAWKINS, D.O.; LEE PAULSON, D.O.; KAITLIN STEFFENHAGEN, D.O. INSPIRA MEDICAL CENTERS, INC.; JOHN DOES #1-15, (fictitious); JANE DOES #1-15 (fictitious); and ABC CORPORATIONS #1-15 (fictitious), jointly, severally, and/or in the alternative<br>Defendants | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION<br><br>CASE NO. 1:19-cv-20894-NLH-JS<br><br>ANSWER TO FIRST AMENDED COMPLAINT; SEPARATE DEFENSES; DEMAND FOR CONTRIBUTION AND/OR SETTLEMENT CREDIT; CROSSCLAIM FOR INDEMNIFICATION DEMAND FOR JURY; DEMAND FOR DAMAGES |

Defendants, Anastasia J. Hawkins, D.O., Lee Paulson, D.O., Kaitlin Steffenhagen, D.O. and Inspira Medical Centers, Inc. by way of Answer to plaintiffs' First Amended Complaint hereby say:

## **JURISDICTION**

1-3. These defendants neither admit nor deny the allegations contained in paragraphs one (1) through three (3) of the Jurisdiction Count of the First Amended Complaint, but leave plaintiffs to their proofs.

4. Paragraph four (4) of the Jurisdiction Count of the First Amended Complaint does not pertain to these defendant; and, accordingly, no Answer is provided.

5. These defendants deny the allegations contained in paragraph five (5) of the Jurisdiction Count of the First Amended Complaint.

6. Paragraph six (6) of the Jurisdiction Count of the First Amended Complaint does not pertain to these defendant; and, accordingly, no Answer is provided.

7-9. These defendants neither admit nor deny the allegations contained in paragraphs seven (7) through nine (9) of the Jurisdiction Count of the First Amended Complaint, but leave plaintiff to their proofs.

**VENUE COUNT**

1. These defendants repeat and reallege each and every answer to the allegations contained in Jurisdiction Count of the First Amended Complaint and make the same a part hereof as if the same were set forth more fully at length herein.

2. These defendants neither admit nor deny the allegations contained in paragraph two (2) of the Venue Count of the First Amended Complaint, but leave plaintiff to their proofs.

**PROCEDURAL HISTORY**

1-4. These defendants neither admit nor deny the allegations contained in paragraphs one (1) through four (4) of the Procedural History of the First Amended Complaint, but leave plaintiff to their proofs.

5. These defendants hereby admit the allegations contained in paragraph five (5) of the Procedural History of the First Amended Complaint.

## **THE PARTIES**

1-2. These defendants neither admit nor deny the allegations contained in paragraphs one (1) and two (2) of the Parties Count of the First Amended Complaint, but leave plaintiff to their proofs.

3. These defendants deny the allegations contained in paragraph three (3) of the Parties Count of the First Amended Complaint.

4-5. These defendants neither admit nor deny the allegations contained in paragraphs four (4) and five (5) of the Parties Count of the First Amended Complaint, but leave plaintiffs to their proofs.

6. These defendants deny the allegations contained in paragraph six (6) of the Parties Count of the First Amended Complaint.

7. These defendants neither admit nor deny the allegations contained in paragraph seven (7) of the Parties Count of the First Amended Complaint, but leave plaintiffs to their proofs.

8-10. These defendants deny the allegations contained in paragraphs eight (8) through ten (10) of the Parties Count of the First Amended Complaint.

11. These defendants neither admit nor deny the allegations contained in paragraph eleven (11) of the Parties Count of the First Amended Complaint, but leave plaintiffs to their proofs.

12-14. These defendants deny the allegations contained in paragraphs twelve (12) through fourteen (14) of the Parties Count of the First Amended Complaint.

6. These defendants deny the allegations contained in paragraph six (6) of the First Count of the First Amended Complaint.

7-9. Paragraphs seven (7) through nine (9) of the First Count of the First Amended Complaint do not pertain to these defendant; and, accordingly, no Answer is provided.

10-13. These defendants deny the allegations contained in paragraphs ten (10) through thirteen (13) of the First Count of the First Amended Complaint.

## SECOND COUNT

1. These defendants repeat and reallege each and every answer to the allegations contained in preceding paragraphs of the First Amended Complaint and make the same a part hereof as if the same were set forth more fully at length herein.

2. Paragraph two (2) of the Second Count of the First Amended Complaint does not pertain to these defendant; and, accordingly, no Answer is provided.

3. These defendants deny the allegations contained in paragraph three (3) of the Second Count of the First Amended Complaint.

4-6. Paragraphs four (4) through six (6) of the Second Count of the First Amended Complaint do not pertain to these defendant; and, accordingly, no Answer is provided.

7. These defendants deny the allegations contained in paragraph seven (7) of the Second Count of the First Amended Complaint.

## THIRD COUNT

1. These defendants repeat and reallege each and every answer to the

allegations contained in preceding paragraphs of the First Amended Complaint and make the same a part hereof as if the same were set forth more fully at length herein.

2. These defendants neither admit nor deny the allegations contained in paragraph two (2) of the Third Count of the First Amended Complaint, but leave plaintiffs to their proofs.

3-6. These defendants deny the allegations contained in paragraphs three (3) through six (6) of the Third Count of the First Amended Complaint.

## **FOURTH COUNT**

1. These defendants repeat and reallege each and every answer to the allegations contained in preceding paragraphs of the First Amended Complaint and make the same a part hereof as if the same were set forth more fully at length herein.

2. These defendants neither admit nor deny the allegations contained in paragraph two (2) of the Fourth Count of the First Amended Complaint, but leave plaintiffs to their proofs.

3-6. These defendants deny the allegations contained in paragraphs three (3) through six (6) of the Fourth Count of the First Amended Complaint.

## **FIFTH COUNT**

1. These defendants repeat and reallege each and every answer to the allegations contained in preceding paragraphs of the First Amended Complaint and make the same a part hereof as if the same were set forth more fully at length herein.

2. These defendants neither admit nor deny the allegations contained in paragraph two (2) of the Fifth Count of the First Amended Complaint, but leave plaintiffs to their proofs.

3-6. These defendants deny the allegations contained in paragraphs three (3) through six (6) of the Fifth Count of the First Amended Complaint.

## SIXTH COUNT

1. These defendants repeat and reallege each and every answer to the allegations contained in preceding paragraphs of the First Amended Complaint and make the same a part hereof as if the same were set forth more fully at length herein.

2. These defendants neither admit nor deny the allegations contained in paragraph two (2) of the Sixth Count of the First Amended Complaint, but leave plaintiffs to their proofs.

3-6. These defendants deny the allegations contained in paragraphs three (3) through six (6) of the Sixth Count of the First Amended Complaint.

## SEVENTH AND EIGHTH COUNTS

The Seventh and Eighth Counts of the First Amended Complaint do not pertain to these defendant; and, accordingly, no Answer is provided.

## NINTH COUNT

1. These defendants repeat and reallege each and every answer to the allegations contained in preceding paragraphs of the First Amended Complaint and make the same a part hereof as if the same were set forth more fully at length herein.

2-7. These defendants deny the allegations contained in paragraphs two (2) through seven (7) of the Ninth Count of the First Amended Complaint.

### TENTH COUNT

1. These defendants repeat and reallege each and every answer to the allegations contained in preceding paragraphs of the First Amended Complaint and make the same a part hereof as if the same were set forth more fully at length herein.

2-5. These defendants neither admit nor deny the allegations contained in paragraphs two (2) through five (5) of the Tenth Count of the First Amended Complaint, but leave plaintiffs to their proofs.

6-8. These defendants deny the allegations contained in paragraphs six (6) through eight (8) of the Tenth Count of the First Amended Complaint.

### ELEVENTH COUNT

1. These defendants repeat and reallege each and every answer to the allegations contained in preceding paragraphs of the First Amended Complaint and make the same a part hereof as if the same were set forth more fully at length herein.

2. These defendants deny the allegations contained in paragraph two (2) of the Eleventh Count of the First Amended Complaint.

### FIRST SEPARATE DEFENSE

Defendants were not negligent.

### SECOND SEPARATE DEFENSE

Defendants violated no duty owing to the plaintiffs.

### THIRD SEPARATE DEFENSE

Plaintiffs' claims for damages were caused by the actions of third parties over whom these defendants had no control.

### FOURTH SEPARATE DEFENSE

Plaintiffs are precluded from recovering by reason of the provisions of the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et. seq.; or, in the alternative, the recovery should be diminished by the percentage of plaintiffs' negligence.

### FIFTH SEPARATE DEFENSE

Plaintiffs' claims are barred by virtue of the Entire Controversy Doctrine.

### SIXTH SEPARATE DEFENSE

Plaintiff failed to state a cause of action upon which relief may be granted.

### SEVENTH SEPARATE DEFENSE

Plaintiffs' claims are barred by the Doctrine of Charitable Immunity; or, in the alternative, are circumscribed by the provisions of the New Jersey Charitable Immunity Act, N.J.S.A. 2A:53A-8.

### EIGHTH SEPARATE DEFENSE

Plaintiffs acted unreasonably and/or failed to mitigate damages.

### NINTH SEPARATE DEFENSE

Plaintiffs failed to mitigate damages by failure to purchase insurance as required under the Affordable Care Act.

### TENTH SEPARATE DEFENSE

All defenses and burdens of proof under the NJ Punitive Damages Act.

### ELEVENTH SEPARATE DEFENSE

Defendants reserve the right to assert such other defenses as revealed in ongoing discovery up to and including trial.

### DEMAND FOR PHYSICIAN'S AFFIDAVIT OR REPORT

Demand is hereby made that plaintiffs produce an appropriately licensed and qualified physicians and hospital administrative experts prepared in accordance with N.J.S.A. 2A:53 A-27 within sixty (60) days.

Pursuant to Buck v. Henry, 207 N.J. 377 (2011), it is represented that at the time of the alleged malpractice, defendants Anastasia J. Hawkins, D.O., Lee Paulson, D.O. and Kaitlin Steffenhagen, D.O., were residents in obstetrics and gynecology.

### CROSSCLAIM FOR CONTRIBUTION OR SETTLEMENT CREDIT

Defendants, allege and say:

While denying any liability to plaintiffs on its Complaint and on information and belief asserting that there is no basis for liability as to the co-defendants, these defendants, nevertheless asserts a claim for contribution from co-defendants pursuant to N.J.S.A. 2A:15-5.3 and N.J.S.A. 2A:53A, or in the alternative contends that in the event the proofs developed in discovery or at trial establish a basis for liability on the part of co-defendants, and such defendants enter into a settlement agreement in whole or in part with the plaintiffs, then defendants assert a claim for credit reducing the amount of any judgment in favor of the plaintiffs and against it to reflect the degree of fault allocated to the settling defendant or defendants pursuant to the decision in Young vs. Latta, 123 N.J. 584 (1991).

## CROSSCLAIM FOR INDEMNIFICATION

While denying liability to plaintiff for the damages alleged, if judgment is recovered by plaintiff against these defendants, it is hereby asserted that its negligence was not morally culpable, but was merely constructive, technical, imputed, or vicarious, and that plaintiffs' damages arose through the direct and primary negligence of the co-defendants, or through breach of contract.

WHEREFORE, these defendants demand judgment of indemnification from the co-defendant(s) for all sums as will be found in favor of the plaintiffs.

## REQUEST FOR ALLOCATION

If any co-defendant settles prior to trial, these defendants will seek an allocation of the percentage of negligence by the fact finder against the settling defendant. We will seek this allocation, whether or not we have formally filed a cross-claim against the settling defendant. We will rely upon the examination and cross-examination of plaintiffs' expert witnesses, and any and all other witnesses at the time if trial, in support of this allocation. You are being apprised of this pursuant to Young v. Latta, 123 N.J. 584 (1991).

## CROSSCLAIM FOR INDEMNIFICATION UNDER CONTRACT

Defendants demand indemnification pursuant to any contract with any co-defendant that may exist.

## ANSWER TO CROSSCLAIMS FILED OR TO BE FILED

These defendants deny each and every allegation of any crossclaims for contribution and indemnification, filed and/or to be filed and demands that same be dismissed with prejudice.

GROSSMAN, HEAVEY & HALPIN
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

## DEMAND FOR TRIAL BY JURY

These defendants hereby demand a trial by jury as to all issues so triable.

## DEMAND FOR DAMAGES

Pursuant to the Rules of Court, these defendants demand that plaintiffs serve upon them within five (5) days from the date hereof, a written specification of the amount of money damages claimed in the within action.

## CERTIFICATION

These defendants hereby certify that the matter in controversy is not the subject of any other action pending in any Court and is likewise not the subject of any pending arbitration proceeding. These defendants further certify that these defendants have no knowledge of any contemplated action or arbitration proceeding which is contemplated regarding the subject matter of this action and is not aware of any other parties who should be joined in this action.

## CERTIFICATION

I hereby certify that the within pleading has been served within the time and period allowed under Rule 4:6.

GROSSMAN, HEAVEY & HALPIN, P.C.
Attorneys for Defendant

By_____
THOMAS J. HEAVEY

DATED: March 3, 2020